**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5032

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LARRY MORRISON,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:06-cr-00044-RLV-CH-1)

Submitted:  May 21, 2010                Decided:  June 14, 2010

Before NIEMEYER, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dennis Gibson, LAW OFFICE OF DENNIS GIBSON, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Morrison pled guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846 (2006). At sentencing, the district court overruled Morrison's objection to the presentence report that he was an organizer or leader and, therefore, did not qualify for the "safety valve" provision. See U.S. Sentencing Guidelines Manual (USSG) (2007). The district court also refused to impose a USSG § 5C1.2 sentence outside of Morrison's advisory guidelines range based on 18 U.S.C. § 3553(a)(6) (2006). The district court sentenced Morrison to 210 months' imprisonment, and Morrison timely noted his appeal.

On appeal, Morrison's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Morrison has also filed a pro se supplemental brief. In both his pro se and Anders briefs, Morrison suggests his trial counsel's performance was constitutionally deficient. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). The record here does not conclusively establish that trial counsel rendered ineffective assistance. Accordingly, we decline on direct appeal to entertain Morrison's claim that his attorney did not provide

2

effective assistance. Additionally, we have reviewed the transcript of Morrison's Rule 11 hearing and determined that his guilty plea was knowing and voluntary.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore deny Morrison's motions to withdraw or relieve counsel and affirm Morrison's conviction and sentence. This court requires that counsel inform Morrison, in writing, of the right to petition the Supreme Court of the United States for further review. If Morrison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move again in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Morrison.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>